UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| FREEMAN V. DENNY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-195-DCR |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| PATRICK HAWKENS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Plaintiff Freeman Denny is an inmate, previously confined at the Northpoint Training Center in Burgin, Kentucky.  Proceeding without an attorney, Denny has filed a complaint asserting claims against Defendants Patrick Hawkens and the Kentucky Department of Corrections ("KDOC") under 42 U.S.C. § 1983. [Record No. 1]  The Court previously granted Denny's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  [Record No. 6]  The Court now conducts a preliminary review of Denny's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court will dismiss a claim on initial screening that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  However, the Court evaluates Denny's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts

-1-

his factual allegations as true, and the legal claims asserted are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Denny alleges that, on May 26, 2024, a fire sprinkler malfunctioned in his cell at Northpoint, causing water to leak down the wall and pool on the floor. [Record No. 1 at p. 2] Denny claims that he was then stripped of all his clothing (except for a smock) and left in standing water from May 26 until May 28. He asserts that this caused him to become ill. [*Id.* at p. 2-3] Denny contends that Defendant Patrick Hawkens, the Unit Administrator, failed to remove Denny from his cell and later laughed about the incident. [*Id.* at p. 3] Based upon these allegations, Denny has sued Hawkens and the KDOC for violating his rights under the Eighth Amendment. [*Id.* at p. 4] Denny seeks monetary damages of $180,000.00. [*Id.* at p. 8]

Denny's claim against the KDOC will be dismissed for failure to state a claim for which relief may be granted. The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies (such as the KDOC), and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018). Further, as an agency of the Commonwealth of Kentucky, the KDOC is not subject to suit under 42 U.S.C. § 1983 in federal court. *See* Ky. Rev. Stat. § 12.250. Such entities are also not suable "persons" within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F.3d 396, 417 n.11 (6th Cir. 2019).

Denny also asserts a claim against Hawkens under the Eighth Amendment to the United States Constitution. An individual defendant's personal liability in an action brought under 42 U.S.C. § 1983 hinges upon his or her official's personal involvement in the alleged deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003). *See also Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). However, notice pleading requires that, at a minimum, the complaint's allegations advise each defendant of what he or she allegedly did or did not do that forms the basis of the plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights . . ." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Construed broadly, Denny's complaint alleges that, because of Hawkens's failure to remove Denny from his flooded cell, the plaintiff was forced to remain in standing water with inadequate clothing from May 26-28, causing him to become ill. The United States Supreme Court has long recognized that, while the Constitution "does not mandate comfortable prisons," the Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and…'reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). While sparse, Denny's allegations against Hawkens are sufficient to allow Denny's Eighth Amendment claim against him to proceed. Because Denny is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve

Hawkens with a summons and copy of the complaint on Denny's behalf.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  Accordingly, it is hereby

**ORDERED** as follows:

1.     Denny's claim against Defendant the Kentucky Department of Corrections is **DISMISSED**, with prejudice, and the Kentucky Department of Corrections is **DISMISSED** as a party to this action.

2.     The Lexington Deputy Clerk is directed to prepare a "Service Packet" for service upon Defendant Patrick Hawkens.  The Service Packet shall include:

    a.     a completed summons form;

    b.     the complaint [Record No. 1];

    c.     the Order granting Denny *in forma pauperis* status [Record No. 6];

    d.     this Order; and

    e.     a completed USM Form 285.

3.     The Lexington Deputy Clerk is directed to send the Service Packet to the United States Marshals Service in Lexington, Kentucky, and note the date of delivery in the docket.

4.     The United States Marshals Service shall arrange with the appropriate officials at the Northpoint Training Center to personally serve Defendant Patrick Hawkens at the following address:

    Northpoint Training Center
    710 Walter Reed Road
    Burgin, Kentucky 40422

5.     Denny must immediately advise the Clerk's Office of any change to his current mailing address.  **Failure to do so may result in dismissal of this case.**

-4-

6.     If Denny wishes to seek relief from the Court, he must do so by filing a formal motion delivered to the Clerk's Office, which includes the case number associated with this action.  Every motion Denny files must include a written certification that he has mailed a copy of it to the defendants or their counsel, with the date of mailing.  **The Court will disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.**

Dated:  August 12, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky